THE COPE-SHANKS MOTOR CO. *v.* HERZIG.

(Decided December 13, 1929.)

*Messrs. Wilkin, Fernsell, Fisher & Limbach,* for plaintiff in error.

*Mr. H. I. N. Stafford,* for defendant in error.

LEMERT, J.   The parties in this action in this court

stand in an order the reverse of that held in the court of common pleas. Hazel Herzig commenced this action in replevin in the court of common pleas of Tuscarawas county against the Cope-Shanks Motor Company, the present plaintiff in error, for the purpose of obtaining possession of her automobile, which was at that time in possession of the plaintiff in error. The record discloses that on August 15, 1925, the plaintiff in error duly executed a bill of sale in duplicate for the automobile in question to Hazel Herzig, defendant in error, whereby the said Hazel Herzig became, and ever since has been, the owner of the automobile described in this action.

The car in question, about seven months after it had been sold, was repaired by the plaintiff in error, at which time plaintiff in error loaned to R. E. Herzig, who is the husband of the defendant in error, Hazel Herzig, without her knowledge of such transaction, an automobile, which car never came into the possession of Hazel Herzig, and about which she knew nothing, and over which she exercised no control, which car, while being driven and operated by R. E. Herzig, the husband, was wrecked.

The record shows that the defendant in error, Hazel Herzig, accompanied by her counsel, made a legal tender to the plaintiff in error of the amount due on the bill for repairs to her automobile, and demanded possession of her car, which was refused, and that thereupon she commenced this action in replevin, which, in the court of common pleas, resulted in her favor.

The plaintiff in error herein, in its brief and oral arguments, bases its contention for a reversal of this case on two questions:

First, the bill for repairs should be paid in full, on the ground that plaintiff in error has a common-law mechanic's lien on the car for the value of its work.

Second, the damage on the wrecked car, the one loaned to Herzig, should be paid, on the ground that the car left for repairs was specifically and impliedly pledged for the safe return of the wrecked car.

An examination of the record discloses that Hazel Herzig was the owner of the car in question in this case, and that she made a legal tender to plaintiff in error of payment for repairs, and demanded her automobile.

The record further discloses that the plaintiff in error knew that the car which was left for repairs belonged to Mrs. Herzig, because the plaintiff in error itself executed and delivered the bill of sale to Mrs. Herzig at the time it was purchased, and at no place in the record has any agency been shown between Mrs. Herzig and her husband, Ralph Herzig, and there is nothing in the record that would bind her for anything that her husband may have done.

Complaint is made upon the part of plaintiff in error that the court erred in refusing testimony as to who paid for the automobile, as to who purchased it, and as to whether or not there was a mortgage on the car.

We think the court was right in refusing such testimony, for the reason that the only question at issue in the case was who was entitled to possession of the car, and it did not make any difference who paid for the automobile, or whether the automobile was given to Mrs. Herzig or not. Such testimony might

have been competent, if this were an action to set aside a sale, wherein there had been some fraud perpetrated, to the damage of creditors.

Further complaint is made that the court below erred in refusing testimony to establish what took place between Ralph Herzig and the plaintiff in error as to the car that was borrowed.

We do not believe that that question was pertinent in this case, for the reason that no agency of any kind was shown. In the absence of any proof that her husband had received instructions from her as her agent, the defendant in error could not be bound by anything that her husband might have done with reference to this car, which she owned.

The theory of counsel of plaintiff in error might be correct, if the car which was repaired had been owned by Ralph Herzig, and the company had loaned him a car until such time as his own car could be repaired; but that situation does not exist in the case at bar. The record fails to disclose any authority on the part of Ralph Herzig to bind his wife, Hazel Herzig, for any damages for the wrecked car, for the reason that the record is silent as to any agency existing between the two.

It should be borne in mind that the evidence in any case must be confined to the issues in the case. The only issue in the case at bar was as to who was entitled to the possession of the automobile replevined.

The plaintiff in error offered nothing to offset the fact that the bill of sale was in the name of Hazel Herzig, and, whether the sections of the General Code are penal statutes or not, the fact remains that the bill of sale is *prima facie* evidence of ownership, and in the absence of fraud, and in the absence of

any proof that the title was in the name of Mrs. Herzig to defraud creditors, there is nothing in the record to show that anybody owned the automobile, or had any interest in it, other than Mrs. Herzig.

In support of its contention certain Supreme Court decisions concerning the interpretation of Sections 6310-4, 6310-12, and 6310-14, General Code, are cited by plaintiff in error. Now, regardless of what interpretation might be placed upon these particular cases, and the holding of the courts, the fact remains in the case at bar that Mrs. Herzig has conclusively shown by the record established ownership, and the plaintiff in error, defendant below, was not precluded at any time from offering evidence to offset the ownership proven by Mrs. Herzig. But the plaintiff in error was prevented from proving damages to a car belonging to it, loaned to Mr. Herzig, for the reason, we think rightfully so, that damage occurring to a car loaned to Mr. Herzig had nothing whatever to do with ownership of the car belonging to Mrs. Herzig, and the right of possession and ownership was the main issue to be decided in the case at bar.

We find, upon examination of the court's charge, that it was fair, clear, and explicit, and put the real issue in the case squarely up to the jury.

We believe the record discloses that this case was fairly tried, that the jury arrived at a proper conclusion, and that the finding and verdict of the jury were right.

Therefore it follows that the judgment in this case will be affirmed.

*Judgment affirmed.*

SHERICK, J., concurs.